RECEIVED
IN LAKE CHARLES, LA
AUG 13 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:08 CR 00111-002 |
| VS. | : | JUDGE MINALDI |
| JOSE ANGEL PASILLAS | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant, Jose Pasillas ("Pasillas"), objects to the two-point enhancement for possessing a firearm during a drug trafficking crime.

For the purposes of the sentencing hearing, this court adopts the facts as set forth in the PSR.

U.S.S.G. § 2D1.1(b)(1) permits a two-level increase in the offense level "[i]f a dangerous weapon (including a firearm) was possessed." This adjustment should be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment (n. 3). Weapon possession is established if the government proves by a preponderance of the evidence that a temporal and spatial relationship existed between the weapon, the drug trafficking activity, and the defendant. *U.S. v. Bowerman*, 81 Fed.Appx. 832, 834 (5th Cir. 2003) *United States v. Vasquez*, 161 F.3d 909, 912 (5th Cir.1998); *United States v. Eastland*, 989 F.2d 760, 770 (5th Cir.), *cert. denied*, 510 U.S. 890, 114 S.C. 246, 126 LED.2d 200 (1993). The government must provide evidence that the weapon was found in the same location where drugs or

drug paraphernalia are stored or where part of the transaction occurred. *Id.*

Pasillas argues that the firearm belonged to his brother, who had a permit to carry. Pasillas argues that he did not constructively possess the firearm.

Jose Pasillas admits that his brother always carried a gun. He and his brother, Rodolfo, rode in the same truck from San Antonio, Texas, to Lake Charles, Louisiana. A defendant's guidelines offense level may be enhanced under § 2D1.1(b)(1) if the possession of a firearm by a coconspirator was reasonably foreseeable. *See United States v. Hernandez,* 457 F.3d 416, 423 (5th Cir.2006). Because there is evidence that Jose knew that Rodolfo possessed a firearm while he and Rodolfo were engaged transporting the drugs, the two point enhancement was properly applied. *See United States v. Sanchez-Alvarez* 310 Fed.Appx. 653, 655, 2009 WL 398078, 2 (5th Cir. 2009); *United States v. Thomas,* 120 F.3d 564, 574 (5th Cir.1997); *United States v. Castillo,* 77 F.3d 1480, 1498 (5th Cir.1996).

U.S.S.G.§ 2D1.1(b)(1) also requires only that a weapon be "present," reflecting a policy judgment that the danger of violence "increasers] when drug traffickers possess weapons." *Id.* comment (n. 3); *United States v. Cacatua* 103 F.3d at 412 ( 5th Cir. 1997). Based upon the facts contained in the PSR, Jose knew that the gun was present. He does not dispute this. Therefore, his objection is overruled. The two point enhancement is warranted.

Jose Pasillas also objects to the PSR's description of him as a leader of the conspiracy. §3B1.1(c) provides for a two-level enhancement "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity" involving four or fewer participants or that was not "otherwise extensive." *United States . v. Mathews* 294 Fed.Appx. 114, 120, 2008 WL 4375770,(5th Cir. 2008). The PSR indicates that Jose Pasillas negotiated the drug deal with the confidential

informant ("CI"). Jose also called the supplier, Carlos Gutierrez, to arrange the delivery. Jose instructed Rodolfo. Gutierrez was able to identify Jose. During the meeting of the Pasillas brothers, the CI, and the undercover agent, it was Jose who retrieved the cocaine from the courier vehicle. There is sufficient evidence to establish that Jose Pasillas was a leader in this drug conspiracy. The objection is overruled.

Lake Charles, Louisiana, this 13 day of August, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE